HIDDEN INLET CANNING CO., OF WASHINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4509. Promulgated March 15, 1928.

*Thomas R. Lyons, Esq.*, and *Pearce C. Davis, C. P. A.*, for the petitioner.

*J. E. Marshall, Esq.*, for the respondent.

## OPINION.

Littleton: The sole issue raised by the pleadings is the cost of petitioner's opening inventory which consisted of 5,012 cases of

salmon, all of which were packed during 1917. Respondent, in computing income for 1918, used the cost value reported as the closing inventory in a consolidated return for 1917. This inventory was likewise used by the petitioner as the opening inventory in a consolidated return filed for 1918. Upon denial of an affiliated status for 1918 respondent used the inventory valuation pertaining to the petitioner as contained therein in determining petitioner's income on a separate basis. Petitioner contends that the inventory used in the consolidated returns and accepted by the respondent is not correct in that this inventory does not reflect the true cost of its inventory on the separate basis on which it is required to report its income.

The issue presented is one of fact, namely, what did it cost petitioner to pack the 5,012 cases of salmon which it had on hand on January 1, 1918? The cost valuation for which the petitioner contends is based upon the total costs for 1917, which appear on petitioner's ledger and which are set out in our findings of fact. The books were not introduced in evidence nor was the bookkeeper available who made the foregoing entries and took the inventory in question. While the items making up this total cost appear for the most part to represent costs which would ordinarily be properly applicable to the cost of packing salmon, no evidence was introduced as to the nature of these items beyond the names appearing on the ledger, except in the case of the " Fish acct." as to which an accountant, who had made a recent examination of the books, testified that it represented cost of raw fish and labor, but there was nothing to show that he had any knowledge of the account, other than that which would be obtained from an examination of the petitioner's books.

The only witness whose testimony might be considered competent for establishing the costs in question was an officer of the petitioner, but his testimony was so general that it could not be accepted for more than indicating that the respondent's cost valuation was too low. From his testimony, it appears that the cost of salmon in Alaska was much less than in Washington, and from this and other evidence in the case, the inference might be drawn that the low valuation of which the petitioner complains was obtained from a combination of the costs of the Alaska Company and the petitioner, who together filed a consolidated return for 1918, but the evidence is insufficient to justify a finding to this effect.

In view of the unsatisfactory character of the evidence presented, the Board is of the opinion that the respondent's determination must be sustained. To find the cost valuation claimed by the petitioner, or a valuation in any amount, would represent a finding based on in-

competent and insufficient evidence, or an estimate based upon inferences which may, or may not, be justified.

Reviewed by the Board.

*Judgment will be entered for the respondent.*